[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 31, 2007
THOMAS K. KAHN
CLERK

No. 06-16698
Non-Argument Calendar

_____

D. C. Docket No. 05-00389-CR-T-23TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES DORSEY,
a.k.a. Mountain Man,
SANDRA AVERY,
a.k.a. Sandra Dorsey,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Middle District of Florida

_____

**(August 31, 2007)**

Before TJOFLAT, BIRCH and WILSON, Circuit Judges.

WILSON, Circuit Judge:

James Dorsey ("Dorsey") and Sandra Avery ("Avery") appeal their convictions for drug conspiracy and drug distribution charges after a jury trial. They both contend that pretrial motions to suppress evidence seized from their residence and introduced at their trial should have been granted because the affidavits supporting the search warrants contained false statements and lacked probable cause. After careful review, we find that there was sufficient corroborating information in the affidavits to support a finding of probable cause, and affirm their convictions without further discussion.

Dorsey also appeals his sentence. He argues that the government refused to file a motion to reduce his sentence pursuant to United States Sentencing Guideline § 5K1.1 to punish him for exercising his Sixth Amendment right to a jury trial, thereby denying him due process of law. We have not previously considered whether the government's refusal to file a § 5K1.1 motion because the defendant exercised his right to a jury trial constitutes an unconstitutional motive. We now hold that it does, but we are unable to determine whether that is what took place in this case because of insufficient fact-finding at the district court. Therefore, we vacate Dorsey's sentence and remand this case for a new sentencing hearing.[1]

## BACKGROUND

---

[1] Dorsey also argues that his sentence was otherwise unreasonable. Since we vacate the sentence and remand for resentencing, we need not reach this claim.

2

At sentencing, the district court determined that Dorsey's advisory Guidelines range was 168 to 210 months. Dorsey then moved the court to compel the government to file a motion pursuant to U.S.S.G. § 5K1.1, because after his arrest he immediately cooperated with the police. After his arrest, Dorsey called his drug supplier, Steve Washington, and left a voice message and the return telephone number of a detective with the Sarasota Police Department on Washington's cellular phone. The next morning, the detective spoke to Washington and arranged to purchase a quarter kilogram of cocaine. When Washington arrived to deliver the cocaine, the authorities arrested him and seized the cocaine.

Dorsey asserted that the government had earlier informed him that he could earn a § 5K1.1 departure because of his cooperation if he pled guilty. Once he decided to go to trial, the government did not file a § 5K1.1 motion. Dorsey argued that this constituted an impermissible exercise of the government's discretion in refusing to file a § 5K1.1 motion. The government responded that it had never told Dorsey that he had earned a § 5K1.1 departure; rather, he was told that the circumstances surrounding the minimal amount of cooperation that he provided would be considered if he cooperated fully and completely. At sentencing, the government stated that Dorsey "chose not to continue with

cooperation. He chose to go to trial." Dorsey responded that irrespective of whether his cooperation was minimal or not, it was obvious that his cooperation was complete, and the government's refusal to move for a § 5K1.1 departure based on his decision to go to trial was an unconstitutional motive. Without explanation, the district court denied Dorsey's motion.

## DISCUSSION

We review *de novo* whether the district court has the authority to depart downward from the guideline range under § 5K1.1 in the absence of a motion by the government. *See United States v. Forney*, 9 F.3d 1492, 1498 (11th Cir. 1993).

Section 5K1.1 of the Sentencing Guidelines provides that "[u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines." U.S.S.G. § 5K1.1. We have stated that the government has "'a power, not a duty, to file a motion when a defendant has substantially assisted.'" *Forney*, 9 F.3d at 1500 (quoting *Wade v. United States*, 504 U.S. 181, 185, 112 S. Ct. 1840, 1843, 118 L. Ed. 2d 524 (1992)). Therefore, a district court cannot grant a downward departure for substantial assistance absent a motion by the government. *Id*. at 1501. However, the United States Supreme Court held that "federal district courts have authority to review a prosecutor's

4

refusal to file a substantial-assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive," like "race or religion." *Wade*, 504 U.S. at 185-86, 112 S. Ct. at 1843-44. A defendant who merely claims to have provided substantial assistance or who makes only generalized allegations of an improper motive is not entitled to a remedy or even to an evidentiary hearing. *Id.* at 186, 112 S. Ct. at 1844. Thus, judicial review is appropriate only "when there is an allegation *and* a substantial showing that the prosecution refused to file a substantial assistance motion because of a constitutionally impermissible motivation." *Forney*, 9 F.3d at 1502.

We have not previously decided whether the government's refusal to file a § 5K1.1 motion to punish a defendant for exercising his constitutional right to a jury trial is an unconstitutional motive under *Wade*, but the Third and Ninth Circuits have. They both held that refusing to file a § 5K1.1 to punish a defendant for exercising this right is an unconstitutional motive, and the Tenth Circuit has also said so, albeit in dicta. *United States v. Khoury*, 62 F.3d 1138, 1141 (9th Cir. 1995); *United States v. Paramo*, 998 F.2d 1212, 1219-20 (3d Cir. 1993); *United States v. Easter*, 981 F.2d 1549, 1555 (10th Cir. 1992). While the government may refuse to file a § 5K1.1 for many reasons, and it is within the government's discretion to do so, "[t]o punish a person because he has done what the law plainly

5

allows him to do is a due process violation of the most basic sort." *Bordenkircher v. Hayes*, 434 U.S. 357, 363, 98 S. Ct. 663, 668, 54 L. Ed. 2d 604 (1978). Accordingly, we agree with our sister circuits and hold that refusing to file a § 5K1.1 motion in retribution for exercising the Sixth Amendment right to a trial by jury is an unconstitutional motive under *Wade*.

The district court denied Dorsey's motion without explanation. Therefore, we cannot be certain that the district court believed that it had the authority to depart downward absent a motion by the government. Since we hold the district court has such authority, we vacate Dorsey's sentence and remand the case back to the district court to determine whether Dorsey can establish a "substantial showing" that the government's refusal to file a substantial assistance motion was based on an unconstitutional motive.

On remand, Dorsey has the burden of proving prosecutorial vindictiveness. We have found that "a superseding indictment adding new charges that increase the potential penalty would violate due process if the prosecutor obtained the new charges out of vindictiveness[, and] [v]indictiveness in this context means the desire to punish a person for exercising his rights." *United States v. Barner*, 441 F.3d 1310, 1315 (11th Cir. 2006) (citation omitted). The same reasoning applies to a prosecutorial decision not to file a § 5K1.1 motion. *See Paramo*, 998 F.2d at

6

1220 (finding that the defendant must prove prosecutorial vindictiveness in a refusal to file a § 5K1.1 claim); *see also United States v. Murphy*, 65 F.3d 758, 762 (9th Cir. 1995) (same).

A defendant may establish vindictiveness by either showing facts that give rise to a presumption of vindictiveness or by offering evidence of a prosecutor's actual vindictiveness. *Paramo*, 998 F.2d at 1220. A presumption of vindictiveness "may operate in the absence of any proof of an improper motiv[e;]" therefore, the presumption only applies when the factual circumstances indicate a "reasonable likelihood of vindictiveness." *United States v. Goodwin*, 457 U.S. 368, 373, 102 S. Ct. 2485, 2488, 73 L. Ed. 2d 74 (1982). If a defendant successfully establishes a reasonable likelihood of vindictiveness, the government can overcome the presumption with objective evidence justifying its conduct. *See id*. at 374, 102 S. Ct. at 2489. In this case, the government stated that it did not file a § 5K1.1 motion because Dorsey's assistance was not substantial and that he started dealing drugs again. Therefore, even if a presumption of vindictiveness could apply in this case, the government has proffered legitimate reasons for its failure to file a § 5K1.1 motion. Therefore, Dorsey will have to prove actual vindictiveness. *See Paramo*, 998 F.2d at 1221. "This showing is, of course, exceedingly difficult to make." *United States v. Meyer*, 810 F.2d 1242, 1245 (D.C. Cir. 1987). To prove actual

vindictiveness, Dorsey must present objective evidence that the government acted solely to punish him for exercising his legal rights, and that the reasons proffered by the government are pretextual. *Id*.; *Paramo*, 998 F.2d at 1221.

Dorsey cannot establish prosecutorial vindictiveness by submitting evidence that the government merely carried out its threat not to file a § 5K1.1 motion that was made during plea negations. *See Bordenkircher*, 434 U.S. at 363-65, 98 S. Ct. at 668-69. In *Bordenkircher*, the Supreme Court stated that "in the 'give-and-take' of plea bargaining, there is no such element of punishment or retaliation so long as the accused is free to accept or reject the prosecution's offer." *Id*. at 363, 98 S. Ct. at 668. While *Bordenkircher* involved a prosecutor's decision to seek heightened charges, the same reasoning applies to a prosecution's decision not to file a § 5K1.1 motion. *Paramo*, 998 F.3d at 1221. The record is not clear in this case whether the government threatened to withhold a § 5K1.1 motion during the "give-and-take" of its plea negotiations with Dorsey. As long as Dorsey was free to accept or reject the government's offer, the government did not violate Dorsey's rights when it eventually carried out its threat not to file the § 5K1.1 motion. We leave these issues to the district court to decide after further fact-finding at a new sentencing hearing.

**AFFIRMED IN PART, VACATED AND REMANDED IN PART**

8