[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 10, 2008
THOMAS K. KAHN
CLERK

_____

No. 06-12204
Non-Argument Calendar

_____

D. C. Docket No. 03-00072-CR-FTM-29-SPC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALPHONSO JAMES, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(January 10, 2008)**

Before ANDERSON, HULL and WILSON, Circuit Judges.

PER CURIAM:

Alphonso James, Jr. appeals his 180-month sentence for knowingly

possessing a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(e), after having been convicted of a crime punishable by imprisonment for a term exceeding one year. On appeal, James argues that his sentence must be vacated and remanded for resentencing because the district court failed to consider a downward departure for substantial assistance pursuant to *Wade v. United States*, 504 U.S. 181, 112 S. Ct. 1840, 118 L. Ed. 2d 524 (1992). James asserts that the government withheld a U.S.S.G. § 5K1.1 motion to penalize his failure to sign a plea agreement. He maintains that there is a constitutional and statutory right to plead guilty without a plea agreement. Alternatively, he suggests that there is no rational basis for the government's policy of only filing § 5K1.1 motions when defendants enter into plea agreements. Thus, he concludes that the district court should have considered imposing a sentence below the statutory mandatory minimum.

Generally, whether a district court may depart downward from the Guideline range under § 5K1.1 in the absence of a motion by the government is a question of law subject to de novo review. *United States v. Dorsey*, 497 F.3d 1221, 1224 (11th Cir. 2007). Because James did not allege that the government had an unconstitutional motive before the district court, however, we will review only for plain error. *United States v. Ward*, 486 F.3d 1212, 1221 (11th Cir.), *cert. denied*,

2

— U.S. —, 128 S. Ct. 398, — L. Ed. 2d — (2007). When reviewing for plain error, we cannot reverse "unless there is: (1) error, (2) that is plain, and (3) that affects substantial rights." *Id.* (internal quotation marks omitted). If these conditions are met, we may then exercise our discretion to notice a forfeited error, but only if "the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted). Furthermore, an error is plain only if it is "clear under current law." *United States v. Chau*, 426 F.3d 1318, 1322 (11th Cir. 2005) (per curiam) (internal quotation marks omitted).

Section 5K1.1 of the Guidelines provides that "[u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines." U.S.S.G. § 5K1.1. Section 5K1.1 confers the power, but not the duty, to file a motion where a defendant has provided substantial assistance. *Dorsey*, 497 F.3d at 1224. The district court typically cannot grant a downward departure under § 5K1.1 absent a motion by the government. *Id.*

Where the government refuses to file a motion based on an unconstitutional motive such as race or religion, however, the district court has authority to review and remedy the prosecutor's decision. *Wade*, 504 U.S. at 185–86, 112 S. Ct. at

3

1843–44. We recently clarified, moreover, that "refusing to file a § 5K1.1 motion in retribution for exercising the Sixth Amendment right to a trial by jury is an unconstitutional motive under *Wade*." *Dorsey*, 497 F.3d at 1225. A mere claim that a defendant has provided substantial assistance or a general allegation of an improper motive, however, will not warrant a remedy or even an evidentiary hearing. *Wade*, 504 U.S. at 186, 112 S. Ct. at 1844. Review is only appropriate where the defendant alleges and makes a substantial showing that the prosecution refused to file a § 5K1.1 motion because of a constitutionally impermissible motive. *Dorsey*, 497 F.3d at 1225.

Upon review of the record and the parties' briefs, we discern no reversible error. James essentially argues that in refusing to file a § 5K1.1 motion, the government unconstitutionally penalized him for exercising his right to plead guilty under the Sixth Amendment. This argument is not clearly resolved by "the explicit language of a statute or rule." *Chau*, 426 F.3d at 1322 (internal quotation marks omitted). Nor is it clearly resolved by the language of the Sixth Amendment. Thus, the alleged error committed by the district court can be "plain" only if "precedent from the Supreme Court or this Court directly resolv[es] it." *Id*. James relies on no direct authority for his assertion that the government's refusal to move for a § 5K1.1 motion was based on an unconstitutional motive, and neither

4

*Wade* nor *Dorsey* directly resolved the question of whether a district court has the authority to grant a downward departure where the government refuses to file a § 5K1.1 motion because the defendant did not sign a plea agreement.

Contrary to James's argument, moreover, we have not construed *Wade* broadly enough to permit a court to grant a defendant relief when, absent an unconstitutional motive such as race, religion, or another arbitrary classification, the government's refusal to move for a reduction is not rationally related to any legitimate government end. *See United States v. Nealy*, 232 F.3d 825, 831 (11th Cir. 2000) (limiting review of government's refusal to file substantial assistance motions to claims of unconstitutional motive); *United States v. Forney*, 9 F.3d 1492, 1503 n.4 (11th Cir. 1993) (limiting review of failure to file substantial assistance motion to unconstitutional motive and acknowledging the proper "reluctance to enter into the prosecutorial discretion arena of the executive branch"). Therefore, even if we were to assume that the district court erred in failing to consider a downward departure for substantial assistance, any such error was not "plain" because it was not clear under existing law. *See Chau*, 426 F.3d at 1322. Accordingly, we affirm.

**AFFIRMED.**